UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LEISA GROVES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 6:20-cv-03414 ) |
| KENT INTERNATIONAL INC., WAL-MART STORES EAST, L.P., and WALMART, INC., | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S PETITION PURSUANT TO FED. R. CIV. PRO. 12(b)(6)

COME NOW Defendants, WAL-MART STORES EAST I, L.P., incorrectly sued as Wal-Mart Stores East, L.P., and WALMART INC., incorrectly sued as Walmart, Inc., by and through their attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and hereby move the Court pursuant to Fed. R. Civ. Pro. 12(b)(6) to dismiss all counts of Plaintiff's Petition against them. In support of their Motion, Defendants state as follows:

1. This case arises out of an alleged tricycle accident which occurred on April 4, 2016. Plaintiff alleges that she was injured when the tricycle's brakes failed.

2. Plaintiff's Petition is stated in 7 counts. Each count is brought against all Defendants. Count I alleges strict product liability. Count II alleges negligence per se. Count III alleges negligence. Count IV alleges breach of implied warranty. Count V (incorrectly identified as Count IV) alleges breach of express warranty. Count VI (incorrectly identified as Count IV) alleges breach of limited warranty. Count VII

(incorrectly identified as Count VI) alleges violation of the Missouri Merchandising Practices Act.

3. Count I should be dismissed because Mo. Rev. Stat. § 537.762 allows the dismissal of a Defendant whose liability is based solely on its status as a seller in the stream of commerce. Mo. Rev. Stat. § 537.762.1. Section 537.762 applies to any products liability claim in which another Defendant, including the manufacturer, is properly before the Court, and from whom total recovery may be had for Plaintiff's claim. Mo. Rev. Stat. § 537.762.2.

4. The manufacturer of the tricycle, Kent International, Inc., is properly before the Court, and from whom total recovery may be had for Plaintiff's claim.

5. An Affidavit in compliance with Mo. Rev. Stat. § 537.762.3 shall be filed by Defendants in support of this Motion.

6. Count I should also be dismissed because its allegations are directed against all Defendants and it fails to adequately differentiate the allegations of product defects among the Defendants and, as a result, Defendants are unable to determine the nature of the claims against them which they are called upon to defend.

7. Defendant, Walmart Stores East I, L.P., is the proper Defendant for claims arising out of the Walmart store located at 1101 Branson Hills Parkway, Branson, Missouri. Walmart Inc., improperly sued as Walmart, Inc., is not a proper party to this claim, and should be dismissed.

8. Count II should be dismissed because it attempts to state a claim for negligence per se without sufficiently alleging the statute which Plaintiff claims was

violated. Count II also fails to allege that Plaintiff was a member of the class of persons intended to be protected by the statute. Count II also fails to allege that Plaintiff's alleged injury was the kind of injury that the statute was designed to prevent. Count II also fails to allege that the violation of the statute was the proximate cause of Plaintiff's injury. As a result, Count II must be dismissed.

9. Count III must be dismissed because it is brought against all Defendants and Plaintiff fails to differentiate the various alleged acts and omissions of negligence among the Defendants, so that Defendants are unable to determine the nature of the claim which they are called upon to defend.

10. Count IV must be dismissed because it fails to sufficiently allege that Plaintiff gave the required notice to these Defendants, or any of them. Plaintiff simply alleges that notice of her injury was provided to Defendants as a whole.

11. Count V (incorrectly identified as Count IV) must be dismissed because it fails to sufficiently identify the express warranty on which it is purportedly based, and it fails to sufficiently allege notice to these Defendants in the same manner as Count IV.

12. Count VI (incorrectly identified as Count IV) must be dismissed because the alleged limited warranty was allegedly made by Defendant, Kent International, Inc., but Plaintiff prays for judgment on that Count against all Defendants, jointly and severally.

13. Count VII (incorrectly identified as Count VI) must be dismissed because it fails to sufficiently allege the deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, and omission of material facts upon which it is purportedly based.

14. Defendants' Memorandum in Support of this Motion is filed herewith, and incorporated herein.

WHEREFORE, Defendants WAL-MART STORES EAST I, L.P., incorrectly sued as Wal-Mart Stores East, L.P., and WALMART INC., incorrectly sued as Walmart, Inc., pray this Court to enter an Order dismissing all Counts of Plaintiff's Petition, and for such other and further relief as the Court deems just.

**DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully submitted,

**WAL-MART STORES EAST, L.P.,
and WALMART INC.**

By: /s/ Beth C. Boggs
Beth C. Boggs, #43089MO
BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court, Western District of Missouri, by using the Court's CM/ECF Electronic Filing System this 31st day of December, 2020, with an electronic copy to be served by e-mail upon the following:

Craig R. Heidemann, #42778
Douglas, Haun & Heidemann, P.C.
901 E. St. Louis Street, 12th Floor
Springfield, MO 65806
(417) 893-6876 Telephone
(417) 826-2845 Facsimile
craig@dhhlawfirm.com
**Attorney for Plaintiff**

_____
Patricia A. Fuerke

Z:\LOK_data\2162\103\Def Mtn to Dismiss - Fed Ct.docx\JRG\na

Case No.: 6:20-cv-03414    Page 5 of 5

Case 6:20-cv-03414-BCW   Document 9   Filed 12/31/20   Page 5 of 5